UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | |
|---|---|
| **CASE NO.:** CV 14-08948 SJO (MRWx) | **DATE:** May 19, 2015 |
| **TITLE:** Xerox Corporation v. CBG Legal, Inc. | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                         Not Present
Courtroom Clerk                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** [Docket No. 19]

The matter is before the Court on Plaintiff Xerox Corporation's ("Plaintiff") Motion for Default Judgment ("Motion") against Defendant CBG Legal, Inc. ("Defendant"), filed April 30, 2015. Defendant has not filed an opposition or appeared in this case. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for June 11, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** the Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the following. Plaintiff is a New York corporation with its principal place of business in New York. (Compl. ¶¶ 1, 4, ECF No. 1.) On information and belief, Defendant is a California corporation with its principal place of business in Los Angeles County, California. (Compl. ¶ 3.) On May 15, 2012, Plaintiff and Defendant entered into a Lease Agreement (Compl. ¶ 6, Ex. A ("Lease"), ECF No. 1-1), whereby Plaintiff agreed to lease Defendant commercial printers and accessories ("Equipment"), with accompanying services, for a term of 60 months beginning on June 20, 2012. (Compl. ¶¶ 6-7.) The Lease specified that Defendant was to make minimum monthly payments of $1,125.20 for use of the Equipment, in addition to paying $0.0590 for each color print and $0.0099 for each black and white print made using the Equipment. (Compl. ¶ 9; Lease 3.)

On June 13, 2013, Defendant was declared in default of the Lease "due to repeated failures to pay numerous monthly payments." (Compl. ¶ 13.) A provision of the Lease titled "DEFAULT & REMEDIES" dictates that in the event of Defendant's default, Plaintiff may remove the Equipment at Defendant's expense and, as liquidated damages, require immediate payment of: (1) all amounts then due, plus interest from the due date until paid at the rate of 1.5% per month; (2) any minimum monthly payments remaining in the Lease term, discounted at 4% per annum; (3) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 14-08948 SJO (MRWx)    DATE: May 19, 2015

applicable purchase option[1] for the Equipment; and (4) all applicable taxes. (Compl. ¶ 11; see also Lease ¶ 19.)

Plaintiff filed the instant action against Defendant on November 19, 2014. In the Complaint, Plaintiff asserts one cause of action for breach of contract, (Compl. ¶¶ 16-21), and alleges that, as a direct and proximate result of Defendant's breach of the Lease, Plaintiff sustained $82,548.58 in damages. (Compl. ¶ 20.) Because Plaintiff's damages have accrued interest since the time the Complaint was filed, as provided for under the Lease, Plaintiff asserts that its damages are now $84,654.10. (See Lease ¶ 19 (providing for interest at a rate of 1.5% per month); (Decl. of Deborah S. Cochran in Supp. of [Mot.] ("Cochran Decl.") ¶¶ 9-10, ECF No. 19-1; Decl. of Charles Corrigan in Supp. of [Mot.] ("Corrigan Decl.") ¶¶ 17-19, ECF No. 19-2.)

Defendant has neither filed an answer to the Complaint nor opposed Plaintiff's Motion. On January 30, 2015, Plaintiff filed a request for the Court Clerk to enter default against Defendant, which the Clerk entered on February 2, 2015. (ECF Nos. 12-13.)

Plaintiff filed its first motion for default judgment on March 26, 2015, (ECF No. 15), which the Court denied on April 16, 2015. (See generally Order Den. Pl.'s Mot. for Default J.; Instructing Pl. to Show Cause re Amount in Controversy ("Denial Order"), ECF No. 18.) In the Denial Order, the Court found that although Plaintiff asserted subject matter jurisdiction solely on the basis of diversity, it had not shown, as required by statute,[2] that the amount in controversy exceeds $75,000. (Denial Order 3-7.) Accordingly, the Court denied Plaintiff's original motion for default judgment without prejudice to file a second motion for default judgment with relevant documentation of damages showing that the amount in controversy exceeds the jurisdictional minimum. (Default Order 7.) As indicated below, the Court finds that Plaintiff has made this showing in the instant Motion.

II.     DISCUSSION

    A.     Procedural Requirements for Default Judgment

Obtaining a default judgment is a two-step process. First, the plaintiff must establish default by affidavit or otherwise, after which the Court Clerk enters default. Fed. R. Civ. P. 55(a). Second,

---

[1] Paragraph 18 of the Lease gives Defendant the option to purchase the Equipment at the end of the Lease term for the Equipment's fair market value, plus taxes, if Defendant is not in default. (Lease ¶ 18.)

[2] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: <u>CV 14-08948 SJO (MRWx)</u>   DATE: <u>May 19, 2015</u>

the plaintiff must apply to the court for a default judgment if the plaintiff's claim is for a sum that is not certain or a sum that cannot be made certain by computation. Fed. R. Civ. P. 55(b).

Pursuant to the Local Rule 55-1, applications for default judgment must be accompanied by a declaration that includes the following information:

> (a) When and against what party the default was entered;
> (b) The identification of the pleading to which default was entered;
> (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;
> (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and
> (e) That notice has been served on the defaulting party, if required by [Fed. R. Civ. P.] 55(b)(2).

L.R. 55-1; *see also* Fed. R. Civ. P. 55(b)(2). Plaintiff has satisfied these procedural requirements by filing a declaration establishing the following: (1) default was entered on February 2, 2015; (2) default was entered against Defendant for failure to respond to the Complaint; (3) as a corporation, Defendant is not an infant or incompetent person; and (4) the Servicemembers Civil Relief Act does not apply. (Cochran Decl. ¶¶ 5-6.) Although Plaintiff was not required to serve Defendant with notice of the Motion due to Defendant's failure to appear in this lawsuit, *see* Fed. R. Civ. P. 55(b)(2), Plaintiff served Defendant with the Motion and corresponding exhibits on April 30, 2015. (Proof of Service of [Mot.], ECF No. 19-7.) Accordingly, the Court concludes that the procedural requirements of Local Rule 55-1 have been met.

    B.    <u>Substantive Requirements for Default Judgment</u>

A district court's decision to grant or deny default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, a court considers the following seven factors:

> (1) The possibility of prejudice to the plaintiff;
> (2) The merits of plaintiff's substantive claim;
> (3) The sufficiency of the complaint;
> (4) The sum of money at stake in the action;
> (5) The possibility of a dispute concerning material facts;
> (6) Whether the default was due to excusable neglect; and
> (7) The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 14-08948 SJO (MRWx)          DATE: May 19, 2015

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Once the Court Clerk has entered a party's default, "the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987)). The Court considers each of the *Eitel* factors in turn.

1.   Possibility of Prejudice to Plaintiff

Under the first *Eitel* factor, the Court examines whether a plaintiff will be prejudiced if the request for entry of default judgment is denied. *Eitel*, 782 F.2d at 1471. A plaintiff who is denied a default judgment and is subsequently left without other recourse for recovery has a basis for establishing prejudice. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Given that Defendant has failed to appear or answer the Complaint, it is possible that Plaintiff will have no other form of relief unless default judgment is entered. The Court finds that Plaintiff will likely suffer prejudice, and therefore this factor weighs in favor of default judgment.

2-3.   Merits of the Substantive Claim and Sufficiency of the Complaint

The second and third *Eitel* factors focus on the merits of a plaintiff's substantive claims and the sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471. Together, "these two factors require that a plaintiff 'state a claim on which the plaintiff may recover.'" *PepsiCo*, 238 F. Supp. 2d at 1175. After default has been entered by the clerk, the Court takes the well-pleaded factual allegations of the complaint as true, except for those allegations relating to damages. *See TeleVideo Sys.*, 826 F.2d at 917-18.

In its Complaint, Plaintiff brings a single cause of action for breach of contract. (Compl. ¶¶ 16-21.) In California, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d 822, 830 (1968)); *see also Thrifty Payless, Inc. v. Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1244 (2013) (citation omitted). Here, Plaintiff alleges that the Lease is a valid contract between the parties which obligated: (1) Plaintiff to provide Defendant with office equipment; and (2) Defendant to make a minimum monthly payments to Plaintiff for a term of 60 months. (*See* Compl. ¶¶ 6-8, 17.) Plaintiff performed under the contract by leasing the office equipment to Defendant, but Defendant breached the contract by failing to make the required monthly payments. (Compl. ¶¶ 6, 13, 18; *see also* Corrigan Decl. ¶¶ 6-16.) Defendant's breach, in turn, directly and proximately caused Plaintiff to suffer $84,654.10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | |
|---|---|
| CASE NO.: <u>CV 14-08948 SJO (MRWx)</u> | DATE: <u>May 19, 2015</u> |

in damages. (*Compare* Compl. ¶¶ 18, 20, *with* Corrigan Decl. ¶¶ 18-19.[3]) The Court finds these allegations, along with the evidence provided by Plaintiff, discussed below, sufficient to establish a claim for breach of contract on which Plaintiff may recover. Therefore, the second and third *Eitel* factors favor entry of default judgment for the breach of contract claim.

      4.    <u>Amount of Damages</u>

For the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of [the d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Where a plaintiff has moved for default judgment, "[i]f the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, properly documented, and contractually justified, then default judgment is warranted." *ACS Recovery Servs., Inc. v. Kaplan,* No. CV 09-01304 JSW, 2010 WL 144816, at *6 (N.D. Cal. Jan. 11, 2010) (citing *Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller,* No. CV 97-02661 VRW, 1997 WL 797922, at *1 (N.D. Cal. Dec. 15, 1997)).

In its Prayer for Relief, Plaintiff requests damages, plus post-judgment interest,[4] and attorney's fees. (Compl. 4.) Paragraph 19 of the Lease ("Paragraph 19") allows Plaintiff, in the event of Defendant's default, to demand immediate payment of "all amounts then due, plus interest from the due date until paid at the rate of 1.5% per month." (Lease ¶ 19.) Paragraph 19 also provides that "[Defendant] will pay all reasonable costs, including attorney's fees, incurred by [Plaintiff] to enforce [the Lease]." (Lease ¶ 19.) Plaintiff alleges that Defendant agreed to use Plaintiff's Equipment beginning on June 20, 2012, and that Defendant was declared in default on June 13, 2013 after "repeated failures to pay numerous monthly payments." (Compl. ¶¶ 7, 13.) Because the relief Plaintiff seeks is reasonably proportionate to the harm caused by Defendant's alleged default, contractually justified and bargained for by the parties, and, as explained below, properly documented, this factor favors entry of default judgment against Defendant. *See ACS*, 2010 WL 144816, at *6.

      5.    <u>Possibility of Dispute Concerning Material Facts</u>

The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case. *Eitel*, 782 F.2d at 1471-72. When a complaint and motion for default judgment are unopposed, the factor is neutral because the possibility of a dispute is unknown.

---

[3] As indicated above, Plaintiff's damages have increased since the Complaint was filed on November 19, 2014 due to accruing interest under the Lease. (Corrigan Decl. ¶ 17.)

[4] Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . and calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield."

| | | |
|---|---|---|
| MINUTES FORM 11 | | ____ : ____ |
| CIVIL GEN | Page 5 of 8 | Initials of Preparer <u>VPC</u> |

Case 2:14-cv-08948-SJO-MRW Document 21 Filed 05/19/15 Page 6 of 8 Page ID #:199

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

**CASE NO.:** CV 14-08948 SJO (MRWx)      **DATE:** May 19, 2015

*Bd. of Trs. of Laborers Health & Welfare Trust Fund v. Perez*, No. C 10-2002, 2011 WL 6151506, at *8 (N.D. Cal. Nov. 7, 2011). There has been no response from Defendant as to the truth of Plaintiff's factual allegations because Defendant has not appeared in this action. Therefore, this factor is neutral.

      6.      <u>Possibility of Excusable Negligence</u>

The sixth factor considers whether the defendant's default is the result of excusable neglect. *Eitel*, 782 F.2d at 1472. The possibility of excusable neglect is remote where the defendant is provided proper notice of the pending suit, but does not contact the court or the plaintiff in any manner. *See Philip Morris*, 219 F.R.D. at 501. Here, Defendant has had ample opportunity to respond to the Complaint and Plaintiff's Motion, but has failed to do so. The Court sees no reason to excuse such negligence. Accordingly, this factor weighs in favor of granting default judgment.

      7.      <u>Public Policy Favoring Decision on the Merits</u>

The final *Eitel* factor requires the Court to consider the strong federal policy in favor of making decisions on the merits. *Eitel*, 782 F.2d at 1472. Courts have recognized, however, that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Moreover, a defendant's failure to answer a plaintiff's complaint "makes a decision on the merits impractical, if not impossible." *Id.*; *see also TVB Holdings (USA), Inc. v. eNom, Inc.*, No. CV 13-00624 JSL, 2014 WL 3717889, at *4 (C.D. Cal. July 23, 2014). Under Rule 55(a), "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo*, 238 F. Supp. 2d at 1177. Because Defendant has failed to file an answer to the Complaint or oppose the instant Motion, this factor is neutral.

On balance, the Court finds that the application of the *Eitel* factors to this case entitles Plaintiff to default judgment against Defendant on Plaintiff's claim for breach of contract.

      C.      <u>Relief Sought</u>

The Court now turns its attention to the relief sought by Plaintiff. Rule 54(c) of the Federal Rules of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Additionally, the pleadings must specifically state the relief sought, *see* Fed. R. Civ. P. 8(a)(3), and Plaintiff is required to provide evidence to support its request for damages. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (2010) ("Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party.") The Court, therefore, independently assesses the sufficiency of Plaintiff's evidence in support of its claim for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  CV 14-08948 SJO (MRWx)          DATE:  May 19, 2015

1.  Damages and Post-Judgment Interest

Plaintiff requests damages, including interest and fees, in the amount of $84,654.10. (Mot. 3, 6-8, ECF No. 19.) Plaintiff has provided evidence of the following. First, Defendant consistently failed to make payments under the Lease, either because its checks were returned for insufficient funds or because it neglected to make payments. (*See* Corrigan Decl. ¶¶ 12-13, 16-18, Exs. B ("Payment Summary"), ECF No. 19-4, C ("Invoices"), ECF No. 19-5.) Specifically, Defendant attempted to make payments in February and March 2013, but its drafts were returned for insufficient funds, and Defendant failed to make payments after February 20, 2013. (Corrigan Decl. ¶¶ 12-13; *see generally* Payment Summary.) Second, Plaintiff declared Defendant to be in default under the Lease on June 13, 2013, which triggered accelerated payments and ultimately resulted in an unpaid balance of $63,306.46. (*See generally* Invoices; *see also* Lease ¶ 19.) This total balance, accruing interest at a rate of 1.5% per month between June 13, 2013, and April 28, 2015, yields damages in the amount of $84,654.10. (*See* Lease ¶ 19; Corrigan Decl. ¶¶ 18-19; *see also* Invoices 56-57[5].)

Based on the foregoing, the Court is satisfied that Plaintiff has provided sufficient evidence to prove the requested damages. Thus, the Court awards Plaintiff damages in the amount of $84,654.10.

2.  Attorney's Fees

As indicated, Paragraph 19 also provides that "[Defendant] will pay all reasonable costs, including attorney's fees, incurred by [Plaintiff] to enforce [the Lease]." (Lease ¶ 19.) Thus, Plaintiff requests attorney's fees in the amount of $4,901.94 pursuant to the Local Rules for the Central District of California. (Mot. 8; *see also* Cochran Decl. ¶¶ 9-10.) Under Local Rule 55-3, absent special circumstances, the court sets attorney's fees at $3,600.00 plus four percent of the amount awarded over $50,000.00 for default judgments between $50,000.01 and $100,000.00. *See* L.R. 55-3. This calculation "shall be applied to the amount of the judgment exclusive of costs." L.R. 55-3. Because Plaintiff's requested attorney's fees are in accord with the Local Rule, (Cochran Decl. ¶¶ 10), the Court awards Plaintiff $4,901.94[6] in attorney's fees.

///

---

[5] Because the pages of this exhibit are not numbered, the Court employs the numbers assigned by the Court's Electronic Case Filing (ECF) system.

[6] The Court notes that Plaintiff's calculation is based on a damages award of $82,548.58, (Cochran Decl. ¶ 10), rather than $84,654.10. The Court elects to grant Plaintiff its requested attorney's fees amount.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:  **CV 14-08948 SJO (MRWx)**          DATE:  **May 19, 2015**

III.   RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment.  The Court **HEREBY ORDERS** Defendant CBG Legal, Inc. to pay Plaintiff Xerox Corporation damages in the amount of $84,654.10 and attorney's fees in the amount of $4,901.94, as well as post-judgment interest pursuant to 28 U.S.C. § 1961(a).

IT IS SO ORDERED.